## Del Vecchio *v.* Greco, Appellant.

*Practice, O. P.—Motion for judgment n. o. v.—Question not raised at trial.*

In an action of assumpsit where but one question of fact was presented and tried, and that question was submitted to the jury by a charge to which neither party took any exception, a motion for judgment non obstante veredicto, based upon a defense not raised either by the pleadings or at the trial, was properly refused.

Argued October 11, 1922.   Appeal, No. 124, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, Aug. T., 1921, No. 269, on verdict for plaintiff in the case of Pasquale Del Vecchio v. Anthony P. Greco.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit to recover money paid on account.   Before CRANE, J.

The facts are stated in the opinion af the Superior Court.

Verdict for plaintiff in the sum of $516.87 and judgment thereon.   The court subsequently refused to enter judgment for defendant non obstante veredicto.   Defendant appealed.

*Errors assigned* were refusal to enter judgment non obstante veredicto and a part of the charge, quoting it.

*Harry M. Miller,* for appellant.

*William Brown, Jr.,* for appellee.

OPINION BY TREXLER, J., March 2, 1923:

The plaintiff a licensed real estate broker asserts that he was directed by the defendant to purchase for him for the sum of $12,500 a certain property in the City of Philadelphia. The down money of $500, required to be deposited, the plaintiff states he was authorized to pay and that the defendant agreed to repay the sum to him. The property was bought, the $500 paid, but when the plaintiff asked the defendant for the return of his money, he was met by a refusal based on the reason that the plaintiff had had no authority to buy until the defendant's son's consent was first had. The plaintiff denied any knowledge of the son's connection with the purchase, but the defendant on his part said the plaintiff knew all about it and was fully aware that the son's assent was a prerequisite to the purchase. On this question the issue was squarely raised and this was the only matter submitted to the jury. Both sides appeared to be content to confine the issue to this one fact for neither took any exception to the charge of the court and this was the only matter submitted. Being a matter of fact the court could not dispose of it. The court, therefore, could not do otherwise than to refuse defendant's motion for binding instructions. It was only after the trial was over and when the court was requested to enter judgment n. o. v. that it was alleged that plaintiff was guilty of bad faith in that he failed to disclose the true consideration to the defendant and that not having acted with fidelity to his principal he forfeited any right to recover the down money he advanced. It appeared at the trial that the plaintiff had made a prior agreement in his own name

with the owners of the property for its purchase at the sum of $12,250. He explained that he used his own name so as not to disclose his principal and that the $250 was the sum which represented his commission, which was to be paid by the vendor. This matter was passed by and neither the court nor the attorney for the defendant thought it of sufficient consequence to raise it thereafter and it was not alluded to in the charge of the court. It cannot, therefore, now be made the basis for a reversal of the judgment. We may also note that the affidavit of defense filed by the defendant raised no such defense.

The other assignment of error is to a part of the charge of the court and is without merit. Furthermore it is not sustained by any exception. The judgment is affirmed.